UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**

**11-CR-555 (NGG)**

-against-

DANIEL MELUGWO,

Defendant.

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On December 22, 2011, Defendant Daniel Melugwo, a Nigerian citizen, pled guilty to violations of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) for acting as a drug courier, (Min. Entry (Dkt. 13)), importing approximately 700 grams of heroin into the United States. (June 14, 2012, Gov. Sentencing Mem. (Dkt. 15) 1.) On June 18, 2012, the court imposed a prison term of forty-six months, a $100 mandatory special assessment, and a $5,000 fine. (Min. Entry (Dkt. 17); June 22, 2012 J. (Dkt. 18).) Defendant appealed his sentence. (June 22, 2012, Not. of Appeal (Dkt. 20).) On December 4, 2013, the Court of Appeals for the Second Circuit remanded the case to the court for clarification of the sentence Defendant received. (Mandate (Dkt. 25).) In particular, the Circuit Court inquired as to the reasons for the fine imposed on Defendant. (Id.); see United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994).

The fine imposed on Defendant represents an amount the court believes is a proper response to the seriousness of the crime and an effective deterrent to those who would be tempted to import drugs for money. (See June 18, 2012, Sentencing Tr. (Dkt. 22), 11:10-13.) The court was originally under the impression that Defendant had no ability to pay a fine, in which case it would not have imposed one. (Id. at 12:11-14.) Defendant's pre-sentence report stated that he did not have any ability to pay a fine. The court therefore assumed that the money

1

with which Defendant entered the United States, $13,000, had been forfeited. (Sentencing Tr. at 12: 15-23.) However, the court was informed during the sentencing hearing that this was not so, and that Defendant was in possession of $13,000 at the time of his arrest. (Id. at 12:21.) In light of this new information demonstrating that Defendant did in fact have the ability to pay a fine, the court considered one to be appropriate. (Id. at 13:4-6.) The United States Sentencing Commission Guidelines call for a fine of between $10,000 and $1 million for the instant offense. See U.S. Sentencing Guidelines Manual §5E1.2(c)(3) (2012) (fine table) and 21 U.S.C. § 960(b)(3) (statutory maximum fine). In light of Defendant's minimal involvement in the crime (he acted only as courier) and modest financial circumstances, the court considered that a below-Guidelines fine of $5,000 was sufficient to demonstrate the seriousness of the offense and to deter other potential drug couriers.

This memorandum shall be made part of the sentencing record in this case. The parties are directed to notify the Second Circuit of the court's Memorandum and Order in accordance with the Circuit's Mandate of December 4, 2013.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 16, 2014

NICHOLAS G. GARAUFIS
United States District Judge